UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES,

v.

ROBERT ROBINSON, JR

                  Defendant.

ORDER
10-CR–382

Before the Court is Defendant Robert Robinson's motion (Docket No. 19) for a free transcript of his sentencing proceeding which occurred on August 25, 2011 and a copy of his signed plea agreement dated May 10, 2011 (Docket No. 10). The Court deems this request to be one pursuant to 28 U.S.C. § 753(f), which provides in relevant part:

> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C. § 753(f) (1994).

Movant has yet to file a § 2255 motion challenging conviction or sentence; instead requesting that "these documents & transcripts be provided forthwith in the spirit that petitioner would have complete documentary information preparing the above motions from his re-sentencing of the constitutionality of his Sixth Amendment rights" (Docket No. 19). In other words, movant is requesting the transcript to assist in

preparing a petition under 28 U.S.C. § 2255.

Based on the plain language and necessary operation of the statute, the Court finds that a motion for a free transcript pursuant to § 753(f) is not ripe until a § 2255 motion has been filed.  As the Court of Appeals for the Second Circuit has explained in U.S. v. Horvath, 157 F.3d 131. 132-33 (2d Cir. 1998), § 753(f) provides for transcripts only in "proceedings brought under section 2255," but no such proceeding exists until a § 2255 motion is filed.  Furthermore, the statute requires the Court's certification that the transcript is needed for the Court to "decide" a § 2255 motion — not for a criminal defendant to prepare it — before the Court may direct the transcript to be provided to the movant at government expense.  And, of course, without a § 2255 motion in hand, the Court has no basis for certifying such a need, or even for determining (as the statute requires) whether the § 2255 motion is frivolous.

The Second Circuit also noted that because a § 2255 motion need only set forth the movant's claims of error generally, *see* Rule 2(b) of the Rules Governing Section 2255 Proceedings,[1] no petitioner bringing a motion under § 2255 should be foreclosed from filing by not having a transcript available before the motion is filed.  A § 2255 motion can be summarily dismissed only if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255; thus "the motion and the files and records of the case" will not "conclusively" defeat a § 2255 motion if a transcript is needed to decide a non-frivolous issue presented by the motion.

---

[1] Rule 2(b) provides in relevant part that "[the motion] shall specify all the grounds for relief which are available to the movant and of which he has or, by the exercise of reasonable diligence, should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified."

Given that, a movant who can plead facts sufficient to obtain certification under § 753(f) will be able to satisfy the non-onerous pleading standards for a § 2255 motion.

Accordingly, the request for a free transcript and other documents is denied, without prejudice to renew upon a properly filed habeas corpus proceeding, and contingent upon the Court's finding that the appeal is not frivolous and that the transcript is needed to decide the issues presented by the suit or appeal.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: March 8, 2013