IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

      v.                                                            10-CR-382-RJA

ROBERT ROBINSON,

                Defendant.
_____

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
## TO TERMINATE HIS TERM OF SUPERVISED RELEASE

THE UNITED STATES OF AMERICA, by and through its attorney, James P, Kennedy, Jr., United States Attorney for the Western District of New York, Jeremiah E. Lenihan, Assistant United States Attorney, of counsel, hereby files its response to the defendant's motion to terminate his term of supervised release (Docket No. 48).

On or about December 15, 2010, a Grand Jury sitting in the Western District of New York returned a two-count Indictment, charging the defendant with two (2) counts of possession with intent to distribute, and distribution of, cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C). (Docket No. 1). On May 10, 2011, the defendant pled guilty before this Court to Count 1 in the Indictment. (Docket No. 10). As part of his plea agreement, the defendant admitted to selling approximately 51.5 grams of cocaine base to an Undercover Officer on two (2) occasions. The defendant also acknowledged that he previously had a prior drug felony, in accordance with Title 21, United

States Code, Section 851. Based on his offense conduct and criminal history, the plea agreement contemplated a Sentencing Guidelines range of 57-71 months.

On August 25, 2011, this Court sentenced the defendant to 57 months incarceration followed by 10 years of a Supervised Release. (Docket No. 18). On October 15, 2015, this Court reduced the defendant's sentence pursuant to Title 18, United States Code, Section 3582(c)(2) to 46 months imprisonment. (Docket No. 29). This Court noted on its Judgement of Conviction that as of November 2, 2015, the defendant would face a "time served" sentence.

Approximately one (1) year after being placed on Supervised Release, on December 28, 2016, the United States Probation Office ("USPO") filed a Petition for Offender Under Supervision, alleging that the defendant violated the terms of his Supervised Release due to a domestic violence assault arrest in Buffalo, NY. On January 4, 2017, the Honorable Michael J. Roemer, United States Magistrate Judge, remanded the defendant into custody pending further proceedings. (Docket No. 33). On January 23, 2018, the defendant pled guilty to Charge 2, admitting that he was arrested on December 24, 2016 and charged with Assault with Intent to Cause Physical Injury, 3rd degree, a Class A misdemeanor. (Docket Nos. 38 and 39). On March 10, 2017, this Court sentenced the defendant to 7 months incarceration followed by 5 years of Supervised Release. (Docket No. 47).

On June 3, 2020, the defendant filed this instant motion, seeking early release from Supervised Release on the grounds that he is employed by the City of Buffalo, volunteers, and has experienced a change in his conduct and character. (Docket No. 48).

A Court may terminate a term of supervised release and discharge a defendant "at any time after the expiration of one year of supervised release…if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Title 18, United States Code, 3583(e)(1); see United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997). When considering whether or not to discharge a defendant from supervised release early, the Court must consider the majority[1] of the initial sentencing factors set forth in Title 18, United States Code, 3553(a). These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed—[including to afford adequate deterrence, protect the public from future crimes and to provide the defendant with rehabilitative programs]; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ; (5)any pertinent policy statement [issued by the Sentencing Commission]; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

Title 18, United States Code, Section 3553(a).

Early termination "is not warranted as a matter of course." United State v. Fenza, No. 01 CR 03-0921 (ADS), 2013 U.S. Dist. LEXIS 109012, 2013 WL 3990914, at *2

---

[1] Title 18, United States Code, Section 3583(e), specifically omits Title 18, United States Code, 3553(a)(2)(A) (promoting the law and providing just punishment prong).

(E.D.N.Y. Aug. 2, 2013). To the contrary, early termination is only "occasionally" justified. Lussier, 104 F.3d at 36. Simply complying with the conditions of supervised release, which is what the law requires, is not sufficient to justify early termination. See United States v. Medina, 17 F. Supp.2d 245, 247 (S.D.N.Y. 1998) ("Unblemished" conduct while under supervision cannot alone be classified as "exceptional" and "cannot be sufficient reason to terminate [supervision] since, if it were, the exception would swallow the rule."); see also Fenza at *2 (E.D.N.Y. Aug. 2, 2013) ("[F]ull compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release," and such compliance "does not warrant early termination."). Early discharge may be appropriate to "account for new or unforeseen circumstances" not contemplated at the initial imposition of supervised release. See Lussier, 104 F.3d at 36. Nevertheless, "new or changed circumstances" are not required in order to modify conditions of release, but "changed circumstances may in some circumstances justify a modification[,]" when factoring in the relevant Title 18, United States Code, 3553(a) factors. United States v. Parisi, 821 F.3d 343, 347 (2d Cir. 2016).

Here, while the defendant's conduct on supervised release appears to be productive, and focused towards bettering himself and his community, this is what is expected of him. He has simply complied with the law, as required by his supervisory conditions. In addition, the defendant's underlying criminal conviction was serious in nature and required a significant period of supervised release. At the time of the defendant's sentencing, the Court appeared to have the same concern as this Court sentenced the defendant to a period of 10 years of Supervised Release following his prison sentence. Then, approximately one (1) year

after being placed on Supervised Release, the defendant violated the terms of his release when he engaged in a domestic assault. In his moving papers, the defendant appears to cast blame on the victim, stating that she was "volatile[.]" (Docket No. 48 p. 11). His record is far from "unblemished." Moreover, policy considerations, to which the defendant discusses at length, are designed to ensure that the defendant continues to comply with the law and contributes to society accordingly. Continued Supervised Release does just that.

Due to the seriousness of his conviction, along with his failure to previously comply with the conditions of his release, the defendant should remain on supervised release. In order to deter the defendant and others from engaging in similar criminal conduct, to reflect the seriousness of the offenses, and to ensure the defendant continues to rehabilitate himself, this Court should require the defendant to complete his term of supervised release.

For all of these reasons, the Court should deny the defendant's motion.

DATED: Buffalo, New York, June 19, 2020.

                              JAMES P. KENNEDY, JR.
                              United States Attorney

BY:    s/ JEREMIAH E. LENIHAN
        Assistant United States Attorney
        United States Attorney's Office
        Western District of New York
        138 Delaware Avenue
        Buffalo, New York 14202
        716/843-5805
        Jeremiah.Lenihan@usdoj.gov